UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN F. GOODLOW, CDCR # AX3970,<br><br>Plaintiff,<br><br>vs.<br><br>K. ESTRADA, A. LEWIS, MS. REESE,<br><br>Defendants. | Case No.: 24-cv-1490-AJB-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2); AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

**I.    INTRODUCTION**

Plaintiff Ivan Goodlow ("Plaintiff" or "Goodlow"), currently state inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (*See* Doc. Nos. 1, 2.) In his Complaint, Plaintiff alleges that while he was confined at R. J. Donovan Correctional Facility ("RJD"), Defendants violated his constitutional rights by using excessive force against him and falsifying disciplinary reports. (*See generally*, Doc. No. 1.) For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice for failure to state a claim.

1

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Goodlow has provided a copy of his prison certificate and trust account statement. (Doc. No. 2 at 5–7.) During the six months prior to filing suit, Goodlow had an average monthly balance of $23.52 and average monthly deposits of $17.50; and at the time he filed suit he had an available account balance of $0.20. (*Id*. at 5.) Accordingly, the Court **GRANTS** Plaintiff's IFP motion. While the Court assesses no initial payment, Goodlow must pay the full $350 filing fee in installments as set forth in 28 U.S.C. § 1915(b)(2).

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

#### B. Plaintiff's Allegations

Goodlow alleges that on April 23, 2024, he was being escorted out of the restricted housing unit by Correctional Officer Estrada. (Doc. No. 1 at 3.) At the same time, another inmate, "Hearn," was being escorted toward the unit by Correctional Officer Tovar. (*Id.*) As the parties approached each other, Estrada and Tovar "allowed" Hearn to "jump toward" Goodlow in a threatening manner. (*Id.*) At the same time, Hearn and Goodlow were "cussing each other out." (*Id.*) In an attempt to "defend [him]self," and prevent Hearn from getting closer, Goodlow "threw a kick at the air." (*Id.*) Goodlow states his kick was

1  not directed toward Hearn or either correctional officer. (*Id.*) A few seconds later, Estrada
2  "pretend[ed] he was walking Goodlow away from Hearn and then used his bodyweight to
3  "slam[]" Goodlow to the ground, causing Goodlow to chip his front tooth. (*Id.*)

4  On April 25, 2024, Captain Lewis and Lieutenant Reese helped "justify" Estrada's
5  "excessive force" and "discriminatory behavior" against Goodlow by "falsifying" and
6  "approving" a Rules Violation Report ("RVR") about the April 23, 2024 incident. (*Id.* at
7  4, 5.) Goodlow alleges the RVR falsely stated he had "resisted staff" and "tried to assault
8  Tovar" when he was only trying to defend himself against Hearn. (*Id.*) Goodlow alleges
9  Estrada, who is purportedly Mexican, and Lewis and Reese, both "dark complected African
10 American[s]," discriminated against him because he is "a lighter African American." (*Id.*
11 at 4.)

### C. Discussion

In his Complaint, Goodlow alleges (1) Estrada violated his Eighth Amendment rights by using excessive force against him and (2) Estrada, Lewis and Reese violated his Fourteenth Amendment right to due process by preparing a false RVR against him and (3) Estrada, Lewis and Reese violated his Fourteenth Amendment right to equal protection by discriminating against him. (*Id.* at 3–5.) He seeks money damages. (*Id.* at 7.)

#### 1. Eighth Amendment

Goodlow alleges Estrada used excessive force against him. The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment excessive force claim has two components: "(1) a 'subjective' inquiry into whether prison staff acted 'with a sufficiently culpable state of mind'; and (2) an 'objective component' that ask[s] whether 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" *Id*. (quoting *Hudson*, 503 U.S. at 8). The subjective inquiry "turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312 320–21 (1986)). The objective

component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 997 103 (1981)).

Here, Goodlow has failed to state a claim because he has not alleged sufficient facts to plausibly allege Estrada's use of force was applied "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Plaintiff admits that just prior to the incident, Estrada "was escorting him when another Hearn, another inmate, "act[ed] like he was going to jump toward [Plaintiff]." (Doc. No. 1 at 3.) At the same time, Goodlow and Hearns were "verbally cussing each other out." *Id.* In response, Goodlow threw a kick "in the air" and seconds later, Estrada "slammed" Goodlow "with compelling force." (*Id.*) As currently pleaded, the alleged facts suggest Estrada acted to restore order during a fast-moving and potentially dangerous situation involving two inmates. As such, Plaintiff has failed to allege sufficient facts to plausibly allege Estrada acted "maliciously and sadistically" when reacting to the incident. Thus, Goodlow has failed to state an Eighth Amendment claim. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b); *Iqbal*, 556 U.S. at 678.

### 2.  Due Process

Next, Plaintiff appears to allege his right to due process was violated when Defendants Estrada, Lewis and Reese prepared and/or assisted in, issuing a "false" RVR against him related to the incident with Hearn. (Doc. No. 1 at 4, 5.) The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to basic procedural protections when he is charged with a disciplinary violation, "only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken." *Serrano*, 345 F.3d at 1077–78.

A prisoner, however, does not have a constitutionally guaranteed right to be free of a false conduct allegation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Murschel v. Paramo*, 2018 WL 539159, at *5 (S.D. Cal. 2018) ("The issuance of a false RVR, alone, does not state a claim under section 1983."). If a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984). As such, a plaintiff alleging a procedural due process violation based on a disciplinary proceeding must first demonstrate that he was deprived of a liberty interest and then he must show that the procedures attendant upon the deprivation were n0t constitutionally sufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459–60 (1989).

Here, Goodlow fails to provide any facts regarding the outcome of his RVR hearing and as such the Court cannot assess whether a liberty interest was at stake. Moreover, Plaintiff fails to allege he was denied any of *Wolff's* procedural protections. Therefore, Goodlow has failed to state a due process claim against Defendants. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b); *Iqbal*, 556 U.S. at 678.

      ***3.     Equal Protection***

Goodlow alleges Estrada, Lewis and Reese discriminated against him because he is African American, in violation his right to equal protection. (Doc. No. 1 at 5.) Specifically, he states that Estrada's use of force against him was "discriminatory behavior" because Goodlow is African American and Estrada is purportedly of Mexican heritage. (*Id.*) Plaintiff also states that Lewis and Reese "allow[ed]" and "justif[ied]" Estrada's discriminatory behavior because they wanted to "fit in with the Mexican [correctional

1  officers] who were discriminatory." (*Id.* at 5.)

2  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The plaintiff "must show that a class that is similarly situated has been treated disparately." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017).

Although Goodlow adequately alleges membership in a protected class, *see Fields v. Legacy Health Sys.*, 413 F.3d 943, 955 (9th Cir. 2005) (identifying "race, alienage, national origin, [and] sex" as examples of characteristics protected by the Equal Protection Clause), his allegations that Defendants intentionally discriminated against him *because* of his race are conclusory. *See Maynard v. Cty. of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."). Goodlow makes only a general allegation that "Mexican" correctional officers in his unit "were being discriminatory toward [him]," (*see* Doc. No. 1 at 4, 5), and he fails to provide specific factual allegations to show how Estrada, Lewis and/or Reese each acted with discriminatory intent. Nor does he allege that his treatment was disparate from a similarly situated class. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (holding equal protection claim alleging harmful treatment but not disparate treatment was properly dismissed).

As such, Goodlow's conclusory allegations do not plausibly state an equal protection claim against any Defendant. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

(9th Cir. 2001) (holding the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Ventura Mobilehome Comms. Owners Ass'n v. City of Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal protection claim because "[a]side from conclusory allegations, Appellant has not . . . alleged how [similarly situated individuals] are treated differently"); *Mitchell v. Las Vegas Metro. Police Dep't*, 2021 WL 808735, *5 (D. Nev. Mar. 3, 2021) (finding plaintiff's identification as an "African American" and a "[B]lack man" insufficient by itself to suggest defendants "acted with an intent or purpose to discriminate" against him based on race). Therefore, the Court finds Plaintiff has failed to state an equal protection claim and thus it is dismissed without prejudice. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b); *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

As noted above, the Court **GRANTS** Plaintiff leave to amend his Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff

Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: January 22, 2025

Hon. Anthony J. Battaglia
United States District Judge