UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN F. GOODLOW,<br><br>                                    Plaintiff,<br><br>v.<br><br>K. ESTRADA,<br><br>                                    Defendant. | Case No.: 3:24-cv-1490-AJB-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, FOR EXTENSION, AND APPOINTMENT**<br><br>[Dkt. Nos. 22, 23, 25, 26, 28, 30, 31, 32, 33, 36] |

## I.    INTRODUCTION

Plaintiff Ivan F. Goodlow ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant K. Estrada for alleged excessive force in violation of the Eighth Amendment arising from an incident on April 23, 2024.

Pursuant to the Court's November 20, 2025, Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, the deadline to complete fact discovery was April 10, 2026. (Dkt. No. 17.)

On February 13, 2026, Plaintiff filed a motion to compel production of the Rules Violation Report ("RVR") and a CDCR Form 7219 medical report ("7219") related to the incident. (Dkt. No. 22.) That same day, Plaintiff filed a motion for extension of time for

production. (Dkt. No. 23.) Plaintiff filed an additional motion for extension of time on February 20, 2026. (Dkt. No. 25.) On February 23, 2026, Plaintiff filed a motion to compel production of body-worn camera footage. (Dkt. No. 26.) Defendant filed a response on February 27, 2026. (Dkt. No. 24.)

The Court held a status conference on March 3, 2026, at which Plaintiff's requests were discussed. (Dkt. No. 27.) The Court directed Defendant to provide a status update regarding Plaintiff's requests by March 24, 2026. (*Id.*)

On March 9, 2026, Plaintiff filed an additional motion to compel body-worn camera footage. (Dkt. No. 28.) Defendant responded on March 17, 2026, representing that it was investigating the availability of the footage.

Defendant provided an initial status update on March 17, 2026, and a second update on April 8, 2026, via email. In the March 17, 2026, update Defendant stated that it was continuing to investigate the availability of the footage. In the April 8, 2026, update, Defendant reported that Plaintiff had been provided with the RVR and that the requested body-worn camera footage was no longer available due to routine overwrite procedures. The update included a declaration, signed under penalty of perjury, from the acting Litigation Coordinator at Richard J. Donovan Correctional Facility stating that all available footage had been provided to the Office of the Attorney General and that no additional footage exists.

On March 23, 2026, Plaintiff filed a motion requesting appointment of a video expert and a private investigator. (Dkt. Nos. 32, 33.) Plaintiff also filed a motion to compel responses to interrogatories on March 23, 2026 (Dkt. No. 31), and a related motion on March 30, 2026 (Dkt. No. 30). Defendant opposed these motions on April 16, 2026, stating that Plaintiff failed to meet and confer and that Defendant's responses and objections to the interrogatories were sufficient. (Dkt. No. 34.) On April 20, 2026, Plaintiff filed a motion to compel all internal affairs recordings and video footage of the incident. (Dkt. No. 36.)

Accordingly, before the Court are Plaintiff's motions for extensions of discovery (Dkt. Nos. 23, 25), motions to compel (Dkt. Nos. 22, 26, 28, 30, 31, 36), and motions for appointment of experts (Dkt. Nos. 32, 33.) The Court finds these matters suitable for disposition without further briefing. *See* S.D. Cal. Civ. L.R. 7.1(d)(1).

## II.    Plaintiff's Requests for Extension of Discovery

Plaintiff seeks extensions of time to obtain the RVR and the 7219. (Dkt. Nos. 23, 25.) Because Defendant has produced the RVR, the requests for extension as to that document are DENIED AS MOOT.

However, Defendant's April 8, 2026, status report does not address the 7219. In light of this omission, and good cause appearing, Plaintiff's requests are GRANTED as to the 7219. Accordingly, the fact discovery deadline is extended to **May 29, 2026**, for the limited purpose of permitting Plaintiff to obtain the 7219.

## III.    Plaintiff's Requests to Compel

### a.  RVR and 7219 (Dkt. No. 22)

Plaintiff's motions are DENIED IN PART AND GRANTED IN PART. The motion is denied as to the RVR, which Defendant has already produced. However, because Defendant has not addressed the 7219, the motion is granted as to that document. Defendant shall produce the 7219 to Plaintiff by **May 29, 2026**.

### b.  Body-Worn Camera Footage (Dkt. Nos. 26, 28, 36)

Plaintiff's motions are DENIED. Defendant submitted a declaration from J. Hawley, Acting Litigation Coordinator at Richard J. Donovan Correctional Facility, stating under penalty of perjury that all available footage has been produced and that any remaining footage has been overwritten pursuant to standard procedures. Plaintiff has not provided evidence to the contrary. The incident occurred on April 23, 2024, and the standard overwrite is 90 days. That means that Plaintiff had until July 22, 2024, to submit his request for preservation of the video footage. The Complaint was not filed until August 19, 2024,

3:24-cv-1490-AJB-SBC

(Dkt. No. 1), and Plaintiff does not offer any evidence of an earlier complaint that would have put Defendant on notice to retain the footage.

### c.  Interrogatories (Dkt. Nos. 30, 31)

Plaintiff's motions are DENIED. Plaintiff does not substantively explain why Defendant's responses are deficient. Defendant, in opposition, argues that the interrogatories are vague and improperly structured and that its objections are proper. (Dkt. No. 34.) The Court finds no basis to compel further responses.

### IV.  Plaintiff's Requests for Appointment of Expert Witnesses

Federal Rule of Evidence 706 permits a court, in its discretion, to appoint a neutral expert witness. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Such appointment may be appropriate where "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

However, 28 U.S.C. § 1915, which authorizes a petitioner's *in forma pauperis* status, does not authorize the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses. *See, e.g., Tedder*, 890 F.2d at 211.

Furthermore, although a court may apportion costs for the expert witnesses among the parties including apportionment of costs to one side, where the cost would likely be apportioned to the state, the court should exercise caution. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071

3:24-cv-1490-AJB-SBC

Plaintiff appears to seek appointment of a video expert to evaluate potential tampering and a private investigator to develop his case. Federal Rule of Evidence 706 does not authorize the court to appoint and compensate an expert witness as an advocate for a party. *Brooks v. Tate*, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); *See v. Rivas*, No. 1:23-cv-01354-KES-BAM (PC), 2025 WL 1073241 (E.D. Cal. Jan. 16, 2025) (same re video expert); *Gorrell v. Sneath*, 2013 WL 3357646, *1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

Plaintiff does not specify whether the requested expert witnesses are intended to assist Plaintiff in prosecuting this action or to help the Court understand the evidence. To the extent Plaintiff seeks experts to assist in prosecuting this action, the request is improper. To the extent Plaintiff seeks appointment of a neutral expert for the Court's benefit, the Court finds that the issues presented are not so complex as to warrant such appointment. Accordingly, the requests are DENIED.

## V.   Order

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to compel (Dkt. No. 22) is **DENIED IN PART AND GRANTED IN PART**;

2. Plaintiff's motion for extension of time (Dkt. No. 23) is **DENIED IN PART AND GRANTED IN PART**;

3. Plaintiff's motion for extension of time (Dkt. No. 25) is **DENIED IN PART AND GRANTED IN PART**;

4. Plaintiff's motion to compel production (Dkt. No. 26) is **DENIED**;

5. Plaintiff's motion to compel production (Dkt. No. 28) is **DENIED**;

6. Plaintiff's motion to compel response (Dkt. No. 30) is **DENIED**;

7. Plaintiff's motion to compel response (Dkt. No. 31) is **DENIED**;

3:24-cv-1490-AJB-SBC

8. Plaintiff's motion to appoint a video expert (Dkt. No. 32) is **DENIED**;

9. Plaintiff's motion to appoint a private investigator (Dkt. No. 33) is **DENIED**; and

10. Plaintiff's motion to compel production (Dkt. No. 36) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 4, 2026

Hon. Steve B. Chu
United States Magistrate Judge

3:24-cv-1490-AJB-SBC